UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CARMEN HAIFA**                                                                 **CIVIL ACTION**

**VERSUS**                                                                            **NO. 24-548-SDD-RLB**

**SHARKNINJA OPERATING LLC**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on October 8, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CARMEN HAIFA                                                CIVIL ACTION

VERSUS                                                      NO. 24-548-SDD-RLB

SHARKNINJA OPERATING LLC

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Motion to Remand. (R. Doc. 7). The motion is opposed. (R. Doc. 12).

**I.    Background**

On or about April 19, 2024, Carmen Haifa ("Plaintiff") filed a Petition the 19th Judicial District Court, East Baton Rouge Parish, Louisiana, to initiate this product liability action against SharkNinja Operating, LLC ("SharkNinja" or "Defendant"). (R. Doc. 1-2 at 1). Plaintiff alleges that or about April 21, 2023, she removed a SharkNinja blender from its original packaging and, upon tilting the container, the blade assembly fell out and sliced the Plaintiff's right ring finger. (R. Doc. 1-2 at 1). Plaintiff alleges that she suffered "severe injuries" to her right ring finger, and "has been required to undergo medical, surgical, rehabilitative, and related care and treatment for her injuries." (R. Doc. 1-2 at 3-4). Plaintiff further alleges that her damages include medical and related expenses, physical injury, pain and suffering, scarring, disfigurement, embarrassment, disability, mental injury, mental anguish and distress, loss of earnings and/or loss of earning capacity, loss of enjoyment of life, and other items of damage which may be shown through discovery or at trial. (R. Doc. 1-2 at 4).

In the Notice of Removal, SharkNinja represents that it "was not served in this matter" and, instead, waived service on May 9, 2024. (R. Doc. 1 at 1; *see* R. Doc. 1-3 at 1). There now

1

appears to be no dispute that Plaintiff served the Petition on SharkNinja on April 29, 2024 through Louisiana's long arm statute. (*See* R. Doc. 7-2 at 2; R. Doc. 12 at 1).

On June 28, 2024, Plaintiff provided SharkNinja with a settlement demand including detailed descriptions of relevant post-accident medical visits, the incurrence of $30,138.74 in medical expenses, and demanding total damages in the amount of $450,000.00. (R. Docs. 1-4).

On July 8, 2024, SharkNinja removed this action, asserting the Court can exercise diversity jurisdiction under 28 U.S.C. § 1332 and that the removal is timely under 28 U.S.C. § 1446(b). (R. Doc. 1). SharkNinja asserts that there is complete diversity because Plaintiff is a citizen of Louisiana and SharkNinja is a citizen of Delaware, Massachusetts, England, and the Cayman Islands. (R. Doc. 1 at 2). SharkNinja further asserts that the amount in controversy requirement is satisfied in light of Plaintiff's June 28, 2024 settlement demand. (R. Doc. 1 at 3-4). Finally, SharkNinja asserts that removal is timely under 28 U.S.C. § 1446(b)(3) because it was made within 30 days of the service of an "other paper" from which SharkNinja could first ascertain the existence of federal jurisdiction (namely, the June 28, 2024 settlement demand). (R. Doc. 1 at 4-5).

On August 6, 2024, Plaintiff filed the instant Motion to Remand, arguing that removal was untimely and that remand is proper in light of this procedural defect in removal. (R. Doc. 7).

## II.    Arguments of the Parties

In seeking remand, Plaintiff does not dispute that the Court can properly exercise diversity jurisdiction over this action. In fact, Plaintiff asserts that it is "facially apparent" from the Petition that the amount in controversy requirement is satisfied. (R. Doc. 7 at 1; R. Doc. 7-2 at 5-8). Plaintiff claims that removal was untimely, however, because it was not made within 30 days of service of the initial pleading under 28 U.S.C. § 1446(b)(1). (R. Doc. 7-2 at 4-8). In

short, Plaintiff asserts that the 30-day removal period under Section 1446(b)(1) was triggered upon service of the Petition on April 29, 2024 – or, at the latest, SharkNinja's "waiver" of service May 9, 2024 – because the amount in controversy is facially apparent for the purposes of determining the jurisdictional amount for diversity jurisdiction. Based on this assertion, Plaintiff seeks remand for the procedural defect of untimely removal. (R. Doc. 7-2 at 9).

In opposition, SharkNinja argues that the Petition does not meet the bright-line rule that the 30-day period for removal based on receipt of the initial pleading is only met where the initial pleading affirmatively reveals that the plaintiff is seeking damages in excess of the jurisdictional amount for diversity jurisdiction. (R. Doc. 12 at 1-4). SharkNinja argues that the removal was timely because it was filed within 30 days of receipt of Plaintiff's June 28, 2024 settlement demand, which constitutes an "other paper" sufficient to trigger the 30-day removal period under 28 U.S.C. §§ 1446(b)(3) and 1446(c)(3)(A). (R. Doc. 12 at 5-7). Given the foregoing, SharkNinja seeks denial of Plaintiff's motion to remand and an award of attorney's fees. (R. Doc. 12 at 8).

### III.   Law and Analysis

There is no dispute that this Court can properly exercise diversity jurisdiction over this action under 28 U.S.C. § 1332.[1] The sole dispute is whether removal was procedurally defective because the action was untimely removed under 28 U.S.C. § 1446. Plaintiff timely raised this

---

[1] When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different States" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). There is no dispute that the parties are diverse. With respect to the amount in controversy requirement, defendants "may make this showing by either (1) demonstrating that it is facially apparent that the claims are likely above $75,000, or (2) setting forth facts in controversy that support a finding of the jurisdictional minimum." *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). Here, the assertions in the Petition, Plaintiff's acknowledgement that the amount in controversy requirement is satisfied, and the contents of the demand for damages support a finding that the amount in controversy requirement is satisfied. While the damages alleged in the Petition are generalized, the amount sought in a pre-removal settlement demand letter (here, $450,000) "is valuable evidence to indicate the amount in controversy at the time of removal." *Fairchild v. State Farm Mutual Automobile Ins. Co.*, 907 F. Supp. 969, 971. It is proper to exercise diversity jurisdiction in this action.

3

procedural defect within 30 days after the filing of the notice of removal. *See* 28 U.S.C. § 1447(c).

The time limits for filing a notice of removal, which are provided in the removal procedure rules of 28 U.S.C. § 1446, are as follows:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> . . .
>
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b). In the context of determining whether the 30-day period for removal is triggered under § 1446(b)(1) where the plaintiff does not allege the amount in controversy, the Fifth Circuit has provided a bright line rule that "the thirty-day removal period under the first paragraph is triggered only where the initial pleading '*affirmatively reveals on its face* that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court.'" *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 399 (5th Cir. 2013) (quoting *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992) (emphasis added by *Mumfrey*)). The Court in *Mumfrey* noted that if a plaintiff wishes the 30-day time period to run from the defendant's receipt of the initial pleading, he shall "place in the initial pleading *a specific allegation that damages are in excess of the federal jurisdictional amount*." *Id.* (citing *Chapman*) (emphasis added by *Mumfrey*). Such a statement would provide notice to defendants that the

4

removal clock had been triggered but would not run afoul of state laws that prohibit pleading unliquidated damage amounts.

With regard to triggering the 30-day time period from a defendant's receipt "of an amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), the Fifth Circuit has stated that the 30-day period is triggered only where jurisdiction is "unequivocally clear and certain" from the document. *See Bosky v. Kroger Texas, LP*, 288 F.3d 208, 211 (5th Cir. 2002) (stating that the statutory term "ascertained" means "unequivocally clear and certain"). Accordingly, the standard for triggering removal based upon a subsequent "amended pleading, motion, order, or other paper," as provided in Section 1446(b)(3), is at least as strict as the standard for triggering the 30-day period for removal based on an initial pleading, as provided in Section 1446(b)(1).

Here, the Petition does not affirmatively reveal on its face that Plaintiff is seeking damages in excess of $75,000. There is no allegation that the damages are in excess of the federal jurisdiction amount.[2] Even assuming, as argued by Plaintiff, that the jurisdictional amount was "facially apparent" based upon the scope of the damages sought in the Petition, that would have been insufficient to trigger the 30-day deadline for removal under Section 1446(b)(1). The Fifth Circuit has clarified that the analysis regarding whether a pleading "affirmatively reveals on its face" that the 30-day removal period is triggered is not the same as whether it is "facially apparent" that the amount in controversy requirement is satisfied for the purpose of exercising diversity jurisdiction. *See Mumphrey*, 719 F.3d at 400 (distinguishing "amount dispute" cases from "timeliness" cases). Accordingly, the 30-day deadline to remove

---

[2] In Louisiana state court, plaintiffs are generally prohibited from alleging a specific monetary amount of damages sought in their petitions. La. Code Civ. P. art. 893(A)(1). Plaintiffs are required, however, to make a general allegation where there is a "lack of jurisdiction of federal courts due to insufficiency of damages" or "a general allegation that the claim exceeds or is less than the requisite amount." La. Code Civ. P. art. 893(A)(1).

5

the action was not triggered by the service of the Petition, which did not affirmatively reveal on its face that the jurisdictional amount was satisfied. Accordingly, the 30-day removal period under Section 1446(b)(1) was not triggered by receipt of the Petition.

The June 28, 2024 settlement demand constitutes an "other paper" that made it unequivocally clear and certain the amount in controversy requirement was satisfied, trigging the 30-day removal period under Section 1446(b)(3). *See Scott v. Off. Depot, Inc.*, No. 14-791, 2015 WL 2137458, at *5 (M.D. La. May 7, 2015). SharkNinja removed this action on July 8, 2024, within 30 days of receipt of the settlement demand. Accordingly, this action was timely removed and is not subject to remand based on untimely removal. The motion should be denied and each party shall bear their own costs.[3]

## IV.  Conclusion

Based on the foregoing,

**IT IS RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 7) be **DENIED**.

Signed in Baton Rouge, Louisiana, on October 8, 2024.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] Section 1447(c) provides that "[a]n order *remanding* the case require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). SharkNinja has not set forth any statutory basis for the award of costs or expenses to the removing defendant where a motion to remand is denied.